UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GARY ERVIN STEVENS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-00074-WTL-MJD |
| | ) |
| R. YARBER in his official capacity, | ) |
| COMMISSIONER OF INDIANA | ) |
| DEPARTMENT OF CORRECTIONS in his | ) |
| official capacity, | ) |
| SUPERINTENDENT Wabash Correctional | ) |
| Facility, in his official capacity, | ) |
| DICK BROWN Superintendent, Wabash | ) |
| Valley Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Gary Ervin Stevens, Jr., an inmate at Wabash Valley Correctional Facility, filed this civil action alleging that Correctional Officer R. Yarber violated his Eighth Amendment rights. Stevens alleges that on August 9, 2015, at 10:00 p.m. he was "under the influence of alcohol" and began cursing at Officer Yarber. At that time Officer Yarber was walking the range above Stevens with the purpose of trying to detect the presence of alcohol. Officer Yarber identified Stevens as the one cursing at him and handcuffed Stevens behind his back. Officer Yarber then placed Stevens in a shower stall and went to search Stevens' cell. Stevens then kicked his way out of the shower stall. Stevens approached his cell and was cussing at Officer Yarber when Officer Yarber stepped out of Stevens' cell. That is the last thing Stevens remembers. Stevens alleges Officer Yarber took

him to the ground and slammed his head against the floor while his hands were cuffed behind his back. Stevens suffered head injuries.

## II.

Because Stevens is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The allegations in the complaint implicate Stevens' Eighth Amendment rights. The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (*citing Hudson*, 503 U.S. at 7) (internal quotation marks omitted). "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it

may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319, (1986). *See also Guitron v. Paul*, 675 F.3d 1044, 1045-46 (7th Cir. 2012) (quoting *Whitley*). The claim that Officer Yarber (in his individual capacity only) violated Stevens' Eighth Amendment rights shall proceed as submitted.

The official capacity claims against the Commissioner of the Indiana Department of Correction, the Superintendent of Wabash Valley Correctional Facility and Officer Yarber are **dismissed.** An official capacity claim against the defendant individuals as employees of the Indiana Department of Correction are in essence against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983). Although there are circumstances under which the plaintiff could seek prospective injunctive relief from an individual defendant in his official capacity, those circumstances are not present in this case because no ongoing violation of Steven's constitutionally protected rights could be identified given the facts alleged. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010)(J. Hamilton).

The claim against Superintendent Dick Brown in his individual capacity is also **dismissed** because there are no allegations of wrong doing on his part. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons

they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

The **clerk is directed** to terminate the Commissioner and Superintendent and Dick Brown as defendants on the docket. The only remaining defendant is R. Yarber in his individual capacity.

### III.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendant Correctional Officer R. Yarber in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 3/1/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Correctional Officer R. Yarber
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

GARY ERVIN STEVENS, JR.
126149
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838