# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| GARY ERVIN STEVENS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16-cv-00074-WTL-MJD |
| | ) | |
| R. YARBER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion for Summary Judgment without Prejudice**

Defendant Officer R. Yarber seeks judgment as a matter of law arguing that the claims alleged against him are barred by the Prison Litigation Reform Act ("PLRA"). The PLRA states that a prisoner cannot bring a cause of action under federal law regarding prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendant bears the burden of demonstrating that plaintiff Gary Ervin Stevens, Jr., ("Mr. Stevens"), failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

The defendant cannot meet this burden without showing that administrative remedies were "available" to Mr. Stevens during the relevant exhaustion period. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Kaba,* 458 F.3d at 684. In particular, "[p]risoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty,* 781 F.3d 889, 896 (7th Cir. 2015).

The Seventh Circuit recently stated that "'unavailability' extends beyond 'affirmative misconduct' to omissions by prison personnel, particularly failing to inform the prisoner of the grievance process." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

Mr. Stevens argues that he was not aware of the steps he was required to complete in order to exhaust. The record before the Court does not reflect whether prison officials informed Mr. Stevens about the grievance process or whether Mr. Stevens had access to the policy. The prison cannot hide behind a failure to exhaust defense to avoid liability unless they have educated the prisoner on the grievance process. *Id.*

Consistent with Rule 56(e) of the Federal Rules of Civil Procedure the following steps shall be taken to remedy the parties failure to properly support or address this fact: 1) the motion for summary judgment [dkt. 18] is **denied without prejudice;** 2) Officer Yarber shall have **through February 3, 2017,** in which to submit evidence to support the assertion that Mr. Steven was informed of the grievance process; and 3) Mr. Stevens shall have **through February 21, 2017,** in which to respond to Officer Yarber's evidence and to submit evidence in support of his claim that he did not know what he was required to do to complete the grievance process. If Officer Yarber fails to submit the necessary evidence by February 3, 2017, his affirmative defense will be considered abandoned.

**IT IS SO ORDERED.**

Date: 1/20/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

GARY ERVIN STEVENS, JR.
DOC # 126149
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only